# FARM ELECTRIC UTILITIES CORPORATION vs. JOSEPH T. HARTSON.

*Master and Servant—Wrongful Discharge—Action for Salary—Evidence—Instructions.*

In an action by an employée, after his discharge, to recover the agreed compensation, the admission of testimony by plaintiff as to his positions and salaries before entering defendant's service *held* not reversible error.                    p. 105

On an issue as to whether plaintiff had agreed to accept part of his overdue salary in defendant's stock, or had merely said that he would do so under certain conditions, plaintiff was properly allowed to testify that no one representing defendant had ever charged him with having unconditionally entered into such an agreement.                    p. 105

The admission of plaintiff's testimony that, after his discharge by defendant, and his failure to secure a settlement of his overdue salary, he had to borrow money in order to visit his family in another city, *held* not prejudicial error.        p. 105

In an action by an employee, after his discharge, to recover the agreed compensation, a prayer offered by defendant, which wrongly stated that plaintiff had admitted an agreement to take such payments on his salary as defendant's financial condition would permit, and which denied recovery by plaintiff without regard to the defendant's ability to pay the agreed salary or the justifiability of plaintiff's discharge, was properly refused.                    pp. 106, 107

A prayer offered by defendant, which recited an agreement by plaintiff to draw on his salary account only to the extent of his bare necessities until defendant was able to pay the full amount, but which ignored the question of the rightfulness of defendant's action in rescinding the contract of employment, and denied recovery even as to part of the claim unless defendant could pay it in full, *held* properly refused.        p. 107

*Decided January 14th, 1925.*

Appeal from the Superior Court of Baltimore City (CAR-
ROLL T. BOND, J.).

Action by Joseph T. Hartson against the Farm Electric
Utilities Company. From a judgment for plaintiff, defend-
ant appeals. Affirmed.

The cause was argued before URNER, OFFUTT, DIGGES,
and PARKE, JJ.

*William D. Macmillan,* with whom was *Harold Tschudi*
on the brief, for the appellant.

*William L. Rawls* and *Edwin F. A. Morgan,* with whom
were *Marbury, Gosnell & Williams* on the brief, for the
appellee.

URNER, J., delivered the opinion of the Court.

The plaintiff was employed by the defendant corporation
as its sales manager for an initial term of one year, under a
contract in writing, dated May 5th, 1922, which provided
that he should receive a salary of $6,000 for the first year of
his service, payable in equal semi-annual installments of
$250, and also a commission of one dollar on every electric
generating outfit sold by the company and paid for during
the stated period of the employment. On December 6th,
1922, the plaintiff was discharged from his position because
of a disagreement resulting from his refusal to accept pay-
ment for a portion of his earned salary in preferred stock of
the company. It is alleged, and denied, that he agreed to
accept stock in part payment of his salary in arrears, and
declined to continue the performance of his duties unless the
amount due him was paid in cash. In this suit to recover
the compensation which he claimed under the terms of the
contract of employment, he was awarded the sum of $2,653.20
by the verdict of a jury. The appeal by the defendant from
the judgment entered on the verdict presents for review seven
rulings of the trial court, of which six relate to the admissi-
bility of evidence and one to the rejection of several prayers.

The first and second exceptions were taken because the plaintiff was permitted to mention positions held and salaries received by him before he entered the defendant's service. While the relevancy of this testimony is not apparent, we could not properly hold that its admission was reversible error under the conditions shown by the record.

In opposition to the third exception the plaintiff was allowed to testify that he had never been charged by any one acting for the defendant with having agreed unconditionally to accept partial payment of his salary in its preferred stock. The principal controversy in the case was as to whether the plaintiff had made such an agreement. It was testified on behalf of the defendant that the plaintiff promised to take part of his overdue salary in preferred stock, in consideration of certain financial aid offered the defendant on condition that it should not be utilized for the payment of salaries then in arrears. The testimony of the plaintiff, on the contrary, was that he never made an unqualified promise to that effect, but stated his willingness to make the proposed settlement under specified conditions which were not fulfilled. In view of the issue thus developed, it was permissible for the plaintiff, in support of his contention, to testify that no one representing the defendant company had ever charged him with having entered unconditionally into the stock agreement which he disputes. The question in answer to which the plaintiff gave the testimony just noted is said to be objectionable in form. No such point appears to have been made at the trial, and we do not think that the question is properly subject to such a criticism.

The subject of the fourth exception was the refusal of the court to strike out testimony of the plaintiff to the effect that, after his dismissal by the defendant and his failure to secure a settlement of his salary claim, he brought this suit and left Baltimore to visit his family in Syracuse, New York, borrowing money to make the journey. The objection was to the portion of the statement which suggested the plaintiff's financial straits at the time of his discharge. This was

not responsive, and might properly have been stricken out if a specific motion had been made for that purpose, but the effect of the particular remark may be regarded as negligible when the uncontested proof on the same subject is considered.

The inquiry to which the fifth exception refers was clearly irrelevant and was rightly excluded.

No ground of reversal is found in the refusal to strike out the answer of which the sixth exception complains.

Seven prayers were offered by the defendant, two of which, the second and third, were granted as modified by the court, and five were rejected. There was no exception to the modification of the prayers which were granted. They instructed the jury that, if the plaintiff unconditionally agreed to accept preferred stock of the defendant company in lieu of salary due him, and if financial assistance was procured for the company in consideration of such an agreement, and if the plaintiff subsequently refused to accept the stock on account of his salary, and also refused to continue his services for the defendant unless his salary were paid in cash, and if he was not wrongfully discharged, then he was not entitled to recover. By these instructions the issues in the case were correctly stated. The existence of a dispute in the testimony as to the alleged agreement and as to the propriety of the plaintiff's dismissal was distinctly recognized. It was the right of both parties to have those issues, upon which the proof was in conflict, submitted to the jury for determination. But the issues were not properly defined by the defendant's prayers which were refused.

The first prayer would have required a verdict for the defendant on the theory of an understanding, collateral to the written contract of employment, that the plaintiff was to be paid only such amounts of the stipulated salaries as the financial condition of the defendant would permit. It was stated in the prayer that the plaintiff had admitted such an understanding in his testimony. The record does not furnish sufficient support for that statement. There was evidence that the plaintiff had expressed his willingness to draw

on his salary account only to the extent of his actual necessities, but he did not concede that his right to the salary contracted for should be contingent upon the defendant's financial ability. Moreover, the prayer would have denied any recovery without regard to the question as to whether the defendant was actually able to pay the salary claimed or whether the plaintiff's discharge was justifiable. If, therefore, the parol agreement were held effective to vary the terms of the written contract, we should nevertheless be unable to sustain the theory upon which the defendant's first prayer is predicated.

By the fourth prayer, if granted, the jury would have been instructed that if, according to the agreement of the parties, the plaintiff was to draw on his salary account only to the extent of bare necessities, until the defendant became financially able to pay the full amount stipulated, and if the defendant was not able to pay the salary in full at the time of the plaintiff's dismissal, then the plaintiff was not entitled to recover any sum for salary accrued and unpaid. This prayer ignores the question as to the rightfulness of the defendant's action in rescinding the contract of employment, and denies recovery, even as to part of the claim, unless the defendant was capable of paying it in full. The rejection of the prayer was proper.

The fifth prayer was fully covered by the second and third, which were granted with modifications.

The theories of the sixth and seventh prayers were incomplete, and for that reason they were properly rejected.

*Judgment affirmed, with costs.*